UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANGELA MARGARET READING, | ) |
|                 Petitioner, | ) |
| v. | ) No. 2:19-cv-00511-JRS-MJD |
| WARDEN, | ) |
|                 Respondent. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

In her petition for a writ of habeas corpus, Angela Reading challenges the revocation of her probation in Allen County, Indiana. The respondent argues that the petition must be dismissed because Ms. Reading did not appeal the revocation of probation or the denial of her petition for post-conviction relief following the revocation of probation. For the reasons explained in this Order, the Court agrees that the petition is procedurally defaulted and that Ms. Reading has not established cause to excuse this procedural default. Accordingly, the petition is **denied** and **dismissed with prejudice**. The Court finds that a certificate of appealability should not issue.

**I.
BACKGROUND**

On April 23, 2015, Ms. Reading was charged with battery by means of a deadly weapon and criminal recklessness committed with a deadly weapon under Indiana criminal case number 02D06-1504-F5-000123. Dkt. 23-1, pp. 1-2. On October 28, 2015, she pleaded guilty to battery and was given a 6-year suspended sentence with 3 years of probation. *Id.* at 8. Ms. Reading did not appeal this conviction. *See generally id.*

On December 19, 2017, Ms. Reading admitted to violating the terms of probation by failing to comply with her mental health treatment. Dkt. 1-1, p. 3; dkt. 23-3, p. 1. The Court revoked Ms. Reading's probation and ordered her to serve her 6-year sentence at the Indiana Department of Correction. Dkt. 23-3, p. 1. Ms. Reading did not appeal the revocation of probation. *See generally* dkt. 23-1.

On May 31, 2018, Ms. Reading filed a *pro se* petition for post-conviction relief under Indiana post-conviction case number 02D06-1805-PC-000044. Dkt. 23-2, pp. 1-2. The Public Defender of Indiana subsequently entered an appearance but later withdrew at Ms. Reading's request. *Id.* at 2. The post-conviction court interpreted the petition as alleging that probation should not have been revoked because Ms. Reading had successfully completed home detention and complied with the requirements of mental health treatment. *Id.* at 2. The Court takes judicial notice of the post-conviction petition filed in state court and finds that this is an accurate interpretation of Ms. Readings' claim.

On March 7, 2019, the post-conviction court concluded that Ms. Reading had admitted guilt at the probation hearing and, under Indiana law, was precluded from raising a claim of actual innocence on post-conviction relief. *Id.* at 3-5.

On May 20, 2019, Ms. Reading filed a *pro se* motion to file a belated notice of appeal.[1] Dkt. 23-2, p. 9. That motion was denied. *Id.*

On October 25, 2019, Ms. Reading filed the instant petition for a writ of habeas corpus. Liberally construed, the petition alleges that Ms. Reading received ineffective assistance of

---

[1] Indiana Appellate Rule 9(a) states that a party may commence an appeal of a final judgment by filing a notice of appeal "within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary." According to this Rule, Ms. Reading's notice of appeal was due by April 6, 2019.

counsel at her probation revocation hearing when her attorney failed to obtain evidence that would have shown she was not guilty. Dkt. 1, pp. 5-6.

On February 7, 2020, the respondent filed a motion to dismiss. Dkt. 23. The respondent argues that the petition does not state a cognizable federal claim and that the petition is procedurally defaulted because Ms. Reading has not presented her claim through a complete round of review in the Indiana state courts. *Id.*

In response, Ms. Reading claims that she was "unable within the 30 day deadline to file a Notice of Appeal, due to conduct and being on every restriction the Facility has and a long wait for law library at times so missed library movements." Dkt. 29, p. 2. "Petitioner's main conduct report is surrounded by her refusing to work or sit at a table for the work shift hours if not working with screws in her back." *Id.*

## II.
## LEGAL STANDARD

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26.

A state prisoner may overcome the prohibition on reviewing procedurally defaulted claims if she can show "cause" to excuse her failure to comply with the state procedural rule and "actual prejudice resulting from the alleged constitutional violation*." Wainwright v. Sykes*, 433 U.S. 72, 84, (1977). To establish "cause" the prisoner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*,

3

477 U.S. 478, 488 (1986). A factor is external to the defense if it "cannot fairly be attributed to" the prisoner. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

In *Coleman*, the Supreme Court held that attorney error committed during state post-conviction proceedings—for which the Constitution does not guarantee the right to counsel—cannot supply cause to excuse a procedural default that occurs in those proceedings. 501 U.S. at 755; *see also Maples v. Thomas*, 565 U.S. 266, 280–81, (2012) ("[W]hen a petitioner's postconviction counsel misses a filing deadline, the petitioner is bound by the oversight."). But in *Martinez v. Ryan*, the Court created a narrow, "equitable ... qualification" to this rule that applies where state law requires prisoners to raise claims of ineffective assistance of trial counsel "in an initial-review collateral proceeding," rather than on direct appeal, so long as the defaulted claims have some merit. 566 U.S. 1, 16-17 (2012). In *Trevino v. Thaler*, the Supreme Court held that this exception applies both where state law explicitly prohibits prisoners from bringing claims of ineffective assistance of trial counsel on direct appeal and where the State's "procedural framework, by reason of its design and operation, makes it unlikely in a typical case that a defendant will have a meaningful opportunity to raise" that claim on direct appeal. 569 U.S. 413, 429 (2013).

In *Brown v. Brown*, the Seventh Circuit held that the *Martinez-Trevino* exception applies to Indiana. 847 F.3d 502, 513 (2017). An Indiana prisoner may present procedurally defaulted claims for ineffective assistance of trial counsel in a federal habeas proceeding if the procedural default was caused by the ineffective assistance of post-conviction counsel, or if the petitioner was denied post-conviction counsel altogether, and the defaulted claims have some merit. *Id.*

The *Martinez-Trevino* exception applies narrowly to claims for ineffective assistance of *trial* counsel. In *Davila v. Davis*, the Supreme Court held that ineffective assistance of post-

4

conviction counsel does not permit petitioners to raise procedurally defaulted claims for ineffective assistance of appellate counsel. 137 S. Ct. 2058, 2065 (2017). The Court reasoned that the *Martinez-Trevino* exception is founded on the "unique importance of protecting a defendant's trial rights, particularly the right to effective assistance of trial counsel." *Id.* at 2067.

## III.
## DISCUSSION

The issue before the Court is whether some external obstacle beyond Ms. Reading's control prevented her from timely filing a notice of appeal following the denial of her petition for post-conviction relief.

Ms. Reading claims that her own disciplinary violations prevented her from accessing the law library at her facility. She does not allege that any of her disciplinary violations resulted from unfair or discriminatory policies or practices. The Court finds that Ms. Readings' failure to follow the regulations at her facility was not an external obstacle that "cannot be fairly attributable" to her and does not excuse her procedural default. *Coleman*, 501 U.S. at 753.

The Court also finds that Ms. Reading may not avail herself of the *Martinez-Trevino* exception. The Supreme Court's holding in *Davila* precludes district courts from applying the exception to claims for ineffective assistance of counsel at any stage of proceedings other than trial. The exception does not apply to claims, like Ms. Reading's, for ineffective assistance of counsel at a probation revocation hearing.

Furthermore, the *Martinez-Trevino* exception does not apply because Ms. Reading chose to proceed on post-conviction relief without the assistance of counsel. The exception narrowly applies to circumstances where post-conviction counsel was ineffective or where the petitioner was deprived of post-conviction counsel altogether. *Martinez*, 566 U.S. at 11-12. Ms. Reading may not reject an attorney at public expense and then avoid procedural default due to her own

5

ineffectiveness. *See McKaskle v. Wiggins*, 465 U.S. 168, 177 n. 8 (1984) ("[A] defendant who exercises his right to appear pro se 'cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'") (quoting *Faretta v. California*, 422 U.S. 806, 834 (1975)).

Finally, the *Martinez-Trevino* exception does not apply because Ms. Reading has not presented a substantial claim for relief. The post-conviction court concluded that by admitting guilt at the probation revocation hearing, Ms. Reading was precluded from raising an actual innocence claim on post-conviction relief under Indiana law. A claim for relief on federal habeas review may be procedurally defaulted if it was denied by a state court on a procedural rule "that is both independent of the federal question and adequate to support the judgment." *Clemons v. Pfister*, 845 F.3d 816, 819 (7th Cir. 2017). For a state-law ground to be "adequate," it must be "firmly established and regularly followed." *Id.* (quoting *Walker v. Martin*, 562 U.S. 307, 316 (2011)). But a "rule can be 'firmly established' and 'regularly followed,' . . . even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Id.* at 316. The rule also must not have been applied in a manner that "impose[s] novel and unforeseeable requirements without fair or substantial support in prior state law" or "discriminate[s] against claims of federal rights." *Walker*, 562 U.S. at 320-21. Indiana's rule prohibiting actual innocence claims on post-conviction review when the defendant admitted guilt at the probation revocation hearing is an independent and adequate state law procedural ground. Even if Ms. Reading's claim for ineffective assistance of probation counsel could proceed, there is not a reasonable likelihood that she would obtain relief.

Even if Ms. Reading could overcome this second procedural default and establish that her probation counsel rendered deficient performance, she would still be unlikely to prevail.

6

Ms. Reading admitted to violating the terms of her probation, and it is unlikely that counsel could have presented evidence in her defense that would have led to a different outcome.

For these reasons, the Court finds that Ms. Reading's claim has been procedurally defaulted, and Ms. Reading has not established that this procedural default may be excused for cause. Accordingly, the respondent's motion to dismiss, dkt. [23], is **granted**.[2] All other pending motions are **denied as moot**.

## IV.
## CERTIFICATE OF APPEALABILITY

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court finds that jurists of reason would not disagree with

---

[2] Because the Court has granted the respondent's motion on grounds of procedural default, it need not address the respondent's other argument that Ms. Reading's petition fails to raise a cognizable federal claim.

7

the Court's conclusion that Ms. Reading's procedurally defaulted claim requires dismissal, and a certificate of appealability is **denied**.

Final Judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 8/31/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANGELA MARGARET READING
268180
ROCKVILLE - CF
ROCKVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
811 West 50 North
Rockville, IN 47872

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov